# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
          **Plaintiff,**

          **v.**                                              **Case No. 05-CR-213**

**DONTE DAVIS**
          **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Donte Davis pleaded guilty to conspiracy to distribute more than 500 grams of cocaine. 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). The probation office prepared a pre-sentence report (PSR), which assigned a base offense level of 32 based on the 500+ grams of powder cocaine involved in the offense of conviction and two ounces (56.7 grams) of crack cocaine included as relevant conduct. See U.S.S.G. § 2D1.1(c)(4); see also § 1B1.3(a)(2). The PSR then deducted 2 levels because defendant qualified for the safety valve, § 2D1.1(b)(7); see also U.S.S.G. § 5C1.2, and 3 more levels based on his acceptance of responsibility, § 3E1.1. Coupled with a criminal history category of I, defendant's imprisonment range was 70-87 months.

Defendant requested a non-guideline sentence of 40 months, while the government advocated a term at the low end of the advisory range. After considering the arguments of counsel and all of the factors set forth in 18 U.S.C. § 3553(a), I decided to impose a sentence of 57 months. In this memorandum I set forth the reasons.

## I.  SENTENCING FACTORS

Section 3553(a) instructs the sentencing court to consider seven factors:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)      the kinds of sentences available;

(4)      the advisory guideline range;

(5)      any pertinent policy statements issued by the Sentencing Commission;

(6)      the need to avoid unwarranted sentence disparities; and

(7)      the need to provide restitution to any victims of the offense.

After considering these factors, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)."  18 U.S.C. § 3553(a).

## II.  DISCUSSION

### A.      Nature of Offense

Defendant joined a cocaine distribution conspiracy headed by Donte Jordan, a large-scale Milwaukee area distributor who supplied many smaller dealers.  From 2003 to 2005, defendant obtained more than 500 grams of powder cocaine from Jordan, which he

typically sold to end users in small amounts. On one occasion, defendant was approached by an individual looking for crack. Defendant had no crack himself and did not know how to cook the powder he did have into base, so he agreed to middle a two ounce (56.7g) deal between this individual and Jordan, from which defendant did not profit.

The offense was serious given the length of time over which it occurred and the amounts involved. However, defendant dealt almost exclusively in powder, he never possessed a weapon, and he engaged in no violence or threatening behavior. The government agreed that defendant was at or near the bottom of the conspiracy in terms of culpability.

**B.     Character of Defendant**

Defendant was 21 years old and had no prior record. He graduated from high school and seemed to have potential, but unfortunately did not apply himself productively. He had no verifiable employment history, and it appeared that he supported himself either by dealing or relying on his family. He also had a history of abusing alcohol and marijuana, and failed a drug test shortly before his guilty plea when he smoked a "blunt" on his birthday.

There were positive aspects to his character. He debriefed with the government, making a sincere effort to cooperate, though his efforts failed to yield a substantial assistance motion. At sentencing, he expressed sincere remorse for his conduct and the effect it had on his family. He also expressed thankfulness that he had been arrested because, as he put it, life on the streets left one either dead or in jail. This way, he would have a second chance. Finally, defendant seemed to be spending his time in custody productively, rather than wallowing in self-pity. He also had a supportive family and,

3

according to his statements to the PSR writer and at sentencing, plans and hope for the future. This seemed to bode well for his re-entry into the community. The probation officer believed him unlikely to re-offend.

## C.    Purposes of Sentencing

I found that defendant was not dangerous or a particular risk of recidivism. However, there was a need for a significant period of confinement to reflect the seriousness of the offense, provide just punishment and deter others. Defendant had substance abuse treatment needs, but under the circumstances I had to deal with them through recommendations to the BOP and conditions of supervised release.

## D.    Consideration of Guidelines

The guidelines called for a term of 70-87 months. I concluded that a sentence within the range would be somewhat greater than necessary to satisfy the purposes of sentencing.

First, the range was greatly enhanced by the inclusion of the two ounces of crack as relevant conduct. Were it not for that single deal, the base level would have been 26 and the low end of the advisory range 37 months. Under the particular circumstances of this case, where defendant was not in the business of supplying crack, he did so on one occasion at the request of another for no profit, and his involvement with that substance was somewhat aberrational, a sentence nearly twice what it would otherwise have been was greater than necessary to satisfy the purposes of sentencing. I believed it appropriate to, in effect, reduce the range by 2 levels to account for this factor. Cf. U.S.S.G. 3B1.2(b). This gave some weight to defendant's involvement with crack but not an undue amount.

4

Second and relatedly, I considered the sentences imposed on the co-defendants in this case. Patrick Alexander, Corey Hudson, Robert Chambers and Marshal Noel, who dealt primarily in crack and had significant prior records, all received 84 month sentences. Co-defendant Ricky Newell, who dealt exclusively in powder and had no record, received a 37 month sentence.[1]  A sentence 2 levels below the range placed defendant between these co-defendants, which seemed an accurate measure of his culpability under all the circumstances.

Finally, I considered defendant's positive character development as reflected in his allocution, statements to the PSR writer and attempts to cooperate, factors the guidelines did not take into account.  Coupled with the support from his family, this new-found maturity made defendant less likely to re-offend.  I also considered the opinion of the experienced probation officer that defendant was not likely to be back.

### III.  CONCLUSION

For all of these reasons, I committed defendant to the custody of the Bureau of Prisons for 57 months.[2]  I found this sentence sufficient but not greater than necessary. I recommended any drug treatment programs available, including the 500 hour program, and placement at a facility as close to defendant's family as possible.

Upon release, I ordered defendant to serve a supervised release term of three years.  The safety valve allowed a term below the statutory minimum of four years, and

---

[1]Were it not for the two ounce crack deal, defendant's range would have been the same as Newell's.

[2]Because defendant qualified for the safety valve, the five year mandatory minimum did not apply.  18 U.S.C. § 3553(f).

5

given his strong family support and lack of record, a term at the low end of the guideline range was sufficient to ensure that he was monitored, avoided new law violations, and either found legitimate work or furthered his education. I also included a drug aftercare condition to ensure that he dealt with his substance abuse issues. Other terms of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

6